ALBERT H. WINSLOW *v.* JOHN C. BROWN.

A part payment made by one joint debtor, not in satisfaction of the joint debt, but merely for his personal discharge therefrom, will not, in the absence of technical difficulties connected with the remedy, operate as a discharge of the other.

Where a note is sued here, and a contract and part payment discharging one of the joint promissors were made in Massachusetts by and between parties resident there, such contract and payment are to be judged, as to their legal effect, by the law of that state ; and hence, the part payment will operate, as at common law, to discharge only so much of the debt as it paid, and not the part of the joint debtor discharged, as provided in Ch. 114, section 2, of the Revised Statutes of Rhode Island.


ASSUMPSIT upon a promissory note for the sum of two hundred and twenty-five dollars, made on the 15th day of June, 1855, jointly by the defendant and one John Brown, his father, at

Worcester, in the state of Massachusetts, where it bore date ; all parties, at the time, residing in the state of Massachusetts.   The defendant, having removed to Rhode Island, was served with the writ in this action, on the 18th day of June, 1861,—his father, John Brown, not having been served, because not to be found within the precinct of the officer,—both the plaintiff and himself having continued to reside in the state of Massachusetts.   Some time in the spring of 1861, the plaintiff informed the father of the defendant, the joint promissor with his son in the note sued, that if he, the father, would pay the plaintiff fifty dollars, the plaintiff would never trouble him any more about the note, which was assented to, and the money paid ; it being proved, that neither party understood that this payment was to discharge the liability of the son, or any action which might be brought to enforce it.   On the 17th day of July, 1861, the plaintiff wrote from Taunton, Massachusetts, to a sister of the defendant, residing at Whitinsville, Massachusetts, amongst other things, as follows :—

" I have received the money.  Tell your father that I told him that I should never trouble him any more, if he would pay me fifty dollars ; and he said he would.   I never meant to have said a word to him about it again, if he had not told you to write, and tell me to send him his name that was on the note."

The case was submitted to the court, in fact and law, upon this statement and evidence.

*Borden, for the defendant,* contended, that the discharge of John Brown, the joint promissor with the defendant, in consideration of fifty dollars, was, at common law, a discharge of the defendant ; and, if not, the plaintiff could recover only one-half the amount of the note from the defendant, by the provisions of Ch. 114, section 4, of the Revised Statutes.

*T. C. Greene, for the plaintiff :*—

The facts proved do not constitute a defence at common law. 1 Smith's Lead. Cases, 439 ; *Smith* v. *Bartholomew*, 1 Metc. 276 ; *Donahue* v. *Woodbury*, 6 Cush. 150.

There is no such memorandum in this case as is required by Ch. 114 of the Revised Statutes, to entitle the defendant to the partial discharge claimed by him under that chapter ; nor does

Winslow *v.* Brown.

it apply to this case, since the contract, and this discharge to the father, were both made in Massachusetts, between parties resident there, and must be governed by the law of that state. Story's Conflict of Laws, §§ 331, 332, 343, 351; *Bartsch* v. *Atwater*, 1 Conn. 409; *Harrison* v. *Edwards*, 1 Verm. 648; *Vancleef* v. *Therasson et al.* 3 Pick. 12.

AMES, C. J.   We have already decided, that a part payment, made by one joint debtor, not in satisfaction of the joint debt, but merely for his personal discharge therefrom, will not, at common law, in the absence of technical difficulties connected with the remedy, operate as a discharge of the other.   *Heyer, Brothers* v. *Carr and another*, 6 R. I. Rep. 43.   In this case, the fifty dollars paid by the father was paid merely " for his name " upon the joint note ; and as there was no technical release of the father, and, indeed, he is no party to this suit, there seems to be no reason why any greater effect should be given to his discharge than was intended in his contract with the plaintiff.

The note sued, and the contract and part payment discharging one of the joint promissors, were made in Massachusetts, by parties there resident, and are to be judged, as to their validity and effect, by the law of that state.  - We have no evidence that there is, in Massachusetts, any such provision as to the effect of a partial payment by one joint debtor, in compromise of his liability upon the joint debt, as that cited from our statute ; and, hence, it is unnecessary to consider the sufficiency of the letter produced, as a note or memorandum in writing under it.   It follows, that the plaintiff is entitled to recover against the defendant, the amount of his note, less the fifty dollars paid by the other joint debtor thereon for his personal discharge.